JAMES T. LEE, SBN 110838
TRACEY L. MERRELL, SBN 266704
**BARRETT DAFFIN FRAPPIER**
**TREDER & WEISS, LLP**
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
(626) 915-5714 – Phone
(626) 915-0289 – Fax
JamesL@BDFGroup.com
TraceyM@BDFGroup.com
BDFTW 3439486

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

CALIFORNIA NORTHERN DISTRICT (SAN FRANCISCO)

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR HOME EQUITY LOAN TRUST SERIES ACE 2006-HE1,<br><br>Plaintiff,<br><br>vs.<br><br>MARK SERRATO; SANDRA J. SERRATO and DOES 1 to 10, inclusive, | CASE NO. **3:13-cv-01968**<br>Honorable Judge Joseph C. Spero<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; REQUEST FOR SUA SPONTE ORDER**<br><br>DATE:    June 14, 2013<br>TIME:    9:30 A.M.<br>CTRM:   G |

TO DEFENDANT MARK SERRATO, IN PRO PER:

**PLEASE TAKE NOTICE** that on June 14, 2013, at 9:30 a.m. or as soon thereafter as the matter may be heard in Courtroom G of the above-entitled court located at 450 Golden Gate Ave., San Francisco, California 94102-3483, Plaintiff HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR HOME

EQUITY LOAN TRUST SERIES ACE 2006-HE1 ("PLAINTIFF" or "HSBC BANK") will move this Court for an order remanding this case to the Superior Court of the State of California, County of Alameda.

This motion is made on the grounds that there is no federal subject matter jurisdiction in this action. Simply put, this is an unlawful detainer action involving *only* the issue of possession of real property located in Castro Valley, California in the County of Alameda, which has been improperly removed to this Court by the Defendant MARK SERRATO ("DEFENDANT").

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and the Request for Judicial Notice filed concurrently herewith, and the pleadings and papers on file in this action.

**THEREFORE**, Plaintiff HSBC BANK moves, as follows:

1. For an order by this Court remanding this case to the Superior Court of California, County of Alameda.

**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP**

Dated: May 9, 2013   BY: */s/ James T. Lee*
**JAMES T. LEE**
**Attorneys for Plaintiff**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

This removal is improper because no grounds exist for subject matter jurisdiction. Defendant argues that this Court has jurisdiction "because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b). The complaint presents federal questions. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367;"[1] and "because Defendants' demurrer, a pleading depend on the determination of Defendants' rights and Plaintiff's duties under federal law."[2]

As discussed, the instant action involves *only* the issue of rightful *possession* of residential property after a foreclosure sale. The face of the Complaint identifies one cause of action: for unlawful detainer under California law. The action provides no basis for federal jurisdiction. Since this action is more properly the subject of Superior court litigation, it is clear that DEFENDANT attempts to litigate in federal court is a farce, designed solely to harass PLAINTIFF and cause it to incur further litigation costs, and to further delay its possession of the Property.

The facts of this case are straight-forward. This is a residential unlawful detainer action that was commenced after a non-judicial foreclosure sale of the property commonly known as 19390 COREY WAY, CASTRO VALLEY, CALIFORNIA 94546 ("Property.") On or about August 22, 2012, the successor trustee under the Deed of Trust, conducted a trustee's sale of the Property and title to the Property reverted to the HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR HOME EQUITY LOAN TRUST SERIES ACE 2006-HE1. The Sale was held in accordance with Section 2924 of the California Civil Code under a power

---

[1] Defendant' Notice of Removal, page 2, lines 16 -19. Plaintiff's RJN Exhibit "2"
[2] Defendant' Notice of Removal, page 3, lines 6 - 9. Plaintiff's RJN Exhibit "2"

of sale clause contained in the Deed of Trust.[3] PLAINTIFF'S title to the Property was duly perfected by recording the Trustee's Deed Upon Sale in the Official Records of Alameda County on November 16, 2012, as Instrument Number 2012385299.[4] HSBC BANK is the lawful owner of the Property.

On December 31, 2012, HSBC BANK filed an Unlawful Detainer action against DEFENDANT in the Alameda County Superior Court, Case No. HG12661699 (the "Superior Court Action") for possession of the Property. In the Superior Court Action, HSBC BANK seeks to recover possession of the Property and holdover damages at the rate of $50.00 per day commencing on December 14, 2012, the day after the Notice to Quit expired. To date (June 11, 2013), 179 days later, PLAINTIFF's holdover damages are approximately $8,950.00. Of course, since this is a limited jurisdiction complaint where the demand of the complaint is less than $10,000.00;[5] the amount in controversy is less than $10,000.00.

DEFENDANT was served with the Summons and Complaint on January 4, 2013. After an unsuccessful demurrer filed on or about January 10, 2013 and denied on February 4, 2013; DEFENDANT filed his Answer, on March 11, 2013.

The matter was removed on April 30, 2013 and therefore is untimely as it is filed more than 30 days thereafter.[6]

This action should be remanded to Superior court because there are no grounds for federal subject matter jurisdiction.

***A. Removal is improper under 28 U.S.C. § 1441(b) because there are no grounds for Federal Question Jurisdiction.***

As a general matter, federal courts have subject matter jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.[7] A

---

[3] *See* Plaintiff's Complaint in Unlawful Detainer, Exhibit "1" to RJN;
[4] *Id.*
[5] *Id.*, page 1
[6] 28 U.S.C. § 1441(b)

4

defendant may remove to federal court any action over which the federal court would have had original subject matter jurisdiction.[8]

Federal question jurisdiction extends to those cases in which a well-pleaded complaint establishes either that: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.[9] *The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.*[10] The federal question must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.[11] Therefore, the existence of *a defense based on federal law is insufficient to support jurisdiction*, even if both parties agree that the federal defense is the only question truly at issue.[12]

In addition, the removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls on the party invoking the statute.[13] *The propriety of removal is determined solely on the basis of pleadings filed in Superior court, i.e. by looking "to the complaint at the time the removal petition was filed."*[14]

Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in the removal procedure."[15] Remand must be ordered here because the pleadings filed in the Superior Court Action present no grounds for removal. The Complaint filed in the Superior Court Action is for one cause of action, Unlawful Detainer. An unlawful detainer action does not arise under federal law, but arises

---

[7] 28 U.S.C. § 1441(b); United Californias v. Alisal Water Corp., 431 F.3d 643, 650 (9th Cir. 2005).
[8] 28 U.S.C. § 1441.
[9] Fed. Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S.Ct. 2841 (1983).
[10] Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002).
[11] Gully v. First Nat'l Bank, 299 U.S. 109, 113, 57 S.Ct. 96 (1936).
[12] Wayne, 294 F.3d at 1183.
[13] Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006).
[14] Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979).
[15] 28 U.S.C. § 1447(c); Buckner v. FDIC, 981 F.2d 816, 820 (5th Cir. 1993).

instead under California law.[16] Thus, DEFENDANT cannot remove this matter on federal question grounds.

### B. Removal is improper under 28 U.S.C. § 1441(b) because Diversity Jurisdiction does not exist.

Furthermore, there is no diversity jurisdiction, and thus, removal is improper on this basis as well.[17] Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and is between citizens of different states.[18] The removal petition must contain factual allegations establishing citizenship and the amount in controversy if this information is not provided in the state court complaint.[19] Even if there is complete diversity, however, removal based on diversity jurisdiction is not permitted where one of the Defendants is a "local defendant" – that is, a citizen of the state in which the action is brought.[20] Thus, even where there is complete diversity, removal can only be effected by non-resident Defendant.

In the Superior Court Action, PLAINTIFF seeks to recover possession of the Property and holdover damages at the rate of $50.00 per day commencing on December 14, 2012, the day after the Notice to Quit expired, yet for a total demand of under $75,000.[21] To date (June 11, 2013), 177 days later, PLAINTIFF'S holdover damages are approximately $8,850.00. Of course, since this is a limited jurisdiction complaint where the demand of the complaint is less than $10,000.00;[22] the amount in controversy is less than $10,000.00.

---

[16] Fannie Mae v. Suarez 2011 U.S. Dist. LEXIS 82300 (E.D. Cal. July 27, 2011); Deutsche Bank v. Leonardo, 2011 U.S. Dist. LEXIS 83854, (C.D. Cal. Aug. 2011); Fannie Mae v. Lemon, 2011 U.S. Dist. LEXIS 82052, (C.D. Cal. July 26, 2011)
[17] 28 U.S.C. § 1441(b).
[18] 28 U.S.C. § 1332(a).
[19] Gaus v. Miles, Inc., 980 F.2d 564, 566-567 (9th Cir. 1992).
[20] 28 U.S.C. § 1441(b) ("Any other action shall be removable only if none of the parties in interest properly joined and served as Defendant is a citizen of the California in which such action is brought.").
[21] Plaintiff's Complaint in Unlawful Detainer Page 1, line 14.
[22] Id., page 1

### III. Request for Sua Sponte Order

Plaintiff respectively requests that this Court review the Removal documents and this Motion and enter an order remanding this case to Superior Court **Sua Sponte**, without further delay.

The district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not."[23] In fact, the Sixth Circuit explained that a court "can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion."[24]

### IV. Conclusion

There are no grounds for removal based on federal question jurisdiction because the Complaint only alleges one cause of action – for Unlawful Detainer – under California law; nor is there a basis for removal based on Diversity Jurisdiction.

Therefore, it is clear that Defendant's Removal is improper and this motion to remand should be granted.

**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP**

Dated: May ___, 2013        BY: */s/ James T. Lee*
                                                    **JAMES T. LEE**
                                                    **Attorneys for Plaintiff**

---

[23] United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004); Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co, 346 F.3d 1190, 1192-93 (9th. Cir. 2003) (notice a distinction between procedural and jurisdictional defects and holding that a "district court *must* remand if it lacks jurisdiction").
[24] Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1195).

7